J-S63021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OMAR SHARIFF CASH | |
| Appellant | No. 478 EDA 2015 |

Appeal from the PCRA Order February 5, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003526-2008

BEFORE:  DONOHUE, J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                    **FILED DECEMBER 28, 2015**

Appellant, Omar Shariff Cash, appeals *pro se* from the February 5, 2015 order dismissing his timely first petition, as amended, filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful consideration, we affirm.

Appellant is currently serving an aggregate sentence of life in prison without the possibility of parole, entered on June 2, 2010 and amended, pursuant to post-sentence motions, on November 12, 2010.  Appellant's sentence followed his conviction by a jury for first-degree murder, carrying a firearm without a license, simple assault, and multiple counts each of robbery, rape, involuntary deviate sexual intercourse, kidnapping, and false

imprisonment.[1]  This Court affirmed the judgment of sentence on December 14, 2011 and our Supreme Court denied Appellant's petition for allowance of appeal on May 31, 2012.  *Commonwealth v. Cash*, 40 A.3d 191 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 47 A.3d 844 (Pa. 2012).

The PCRA court summarized the procedural history of Appellant's PCRA action as follows.

> Appellant filed a timely PCRA petition *pro se* on August 15, 2012, in which he asserted, primarily, that his copy of the notes of testimony had been taken from him by correctional authorities. Appellant also included a discovery motion within said PCRA petition.  On October 12, 2012, [the PCRA court] issued an Order appointing Stuart Wilder, Esquire, as Appellant's PCRA counsel.
>
> After his appointment, Mr. Wilder filed a Petition to Amend [Appellant's] PCRA Petition wherein it was asserted that Appellant's trial counsel was ineffective.  The crux of this assertion centered on counsel's failure to object to prosecutorial statements, as well as counsel's failure to obtain additional discovery relating to the female victim's ("MCDA") U-Visa[2] application.  [The PCRA court]

_____

[1] 18 Pa.C.S.A. §§ 2501(a), 6106(a)(1), 2701(a)(3), 3701(a)(1)(i), (ii) & (iii), 3121(a)(1) & (2), 3123(a)(1) & (2), 2901(a)(2) & (3), 2903(a), respectively. The trial court conducted a subsequent waiver trial at which it found Appellant guilty of persons not to possess firearms, 6105(a)(1).

[2] The U-Visa is a non-immigrant visa designated for victims of human trafficking crimes.  "The 'U' Visa is also a non-immigrant visa that can be sought by victims of certain crimes who are currently assisting or have previously assisted law enforcement in the investigation or prosecution of a crime, or who are likely to be helpful in the investigation or prosecution of criminal activity."18 Pa.C.S.A. § 3054, cmt.

granted Appellant's Petition to Amend. On March 14, 2013, a first PCRA hearing was held.

Appellant filed a *pro se* motion for self-representation on March 26, 2013. On April 1, 2013, Appellant filed a *pro se* Petition to Amend his PCRA Petition which was granted by [the PCRA court]. Therein, Appellant alleged that trial counsel was ineffective for failing to request a limiting instruction to the jury regarding "Bad Acts Evidence." Appellant additionally alleged prosecutorial misconduct. Appellant contended that the Commonwealth withheld pertinent documents relating to MCDA's U-Visa, failed to disclose character evidence with regard to MCDA that could have served as rebuttal evidence, and that MCDA's credibility was improperly bolstered by the Commonwealth's opening and closing remarks.

On May 15, 2013, Appellant filed *pro se* with [the PCRA court] another Motion to Amend his PCRA Petition. On June 10, 2013, a second PCRA hearing was held before [the PCRA court]. Appellant knowingly waived his right to counsel at this hearing and elected to proceed *pro se* with Mr. Wilder functioning as stand-by counsel.

Following the second PCRA hearing, Appellant filed Petitions to Amend his PCRA Petition on July 3, 2013, and again on August 21, 2013. These were both filed *pro se* and raised no new material issues. On August 22, 2013, [the PCRA court] granted [Appellant's] July 3, 2013 motion thereby allowing him to amend his PCRA Petition and include any and all issues that Appellant wished to raise.

On December 12, 2013, Appellant filed a Motion to Supplement Amended PCRA. Appellant alleged that the district attorney conspired with police officers to prevent the disclosure of potentially exculpatory statements made by MCDA. Furthermore, Appellant claimed that the prosecutor intentionally elicited perjured testimony from MCDA. Lastly, Appellant claimed that trial counsel was

- 3 -

ineffective in its failure to discover and challenge MCDA's "extrajudicial" statements and that counsel failed to test the prosecutor's case effectively. Appellant was permitted to proceed on these additional issues.

After the third PCRA hearing was conducted on December 27, 2013, [the PCRA court] issued an Order on January 23, 2014, denying Appellant's request for additional DNA testing, as well as Appellant's request for an independent private investigator. [The PCRA court] granted Appellant's request at the hearing relating to statements made by MCDA, in that [the PCRA court] ordered the Commonwealth to determine whether MCDA made any other statements to law enforcement personnel that had not been disclosed to Appellant. Additionally, [the PCRA court] ordered that the Commonwealth provide any such statements to Appellant.

On January 28, 2014, Appellant filed yet another Motion to Amend PCRA Petition Pursuant to Pa.R.Crim.P[.] 905(a). Appellant's motion alleged that he was denied his right to self-representation when trial counsel informed Appellant that he would not be granted a continuance unless Appellant relinquished his *pro se* status. Appellant also maintained that trial counsel were ineffective in not properly testing DNA swabs in preparation for trial, and by their failure to consult appropriate DNA experts. Additionally, Appellant alleged his counsel on direct appeal were ineffective in failing to petition for post-trial DNA testing. These claims were supplemental to Appellant's prior allegations pertaining to MCDA's extrajudicial statements and U-Visa application.

On April 22, 2014, a fourth hearing on Appellant's PCRA was conducted. On May 28, 2014, [the PCRA court] issued an Order which directed Appellant to file an Amended PCRA Petition and specify those matters Appellant was still pursuing with respect to PCRA relief. This Order was issued to

- 4 -

provide clarity due to the numerous amended petitions filed by Appellant. In response, on June 26, 2014, Appellant filed his final Amended PCRA Petition.

On September 22, 2014, a fifth PCRA hearing was held and at the conclusion of the hearing [the PCRA court] issued a briefing schedule. On February 5, 2015, following the submission of briefs by both parties, [the PCRA court] issued an Order denying Appellant's Amended PCRA Petition.

PCRA Court Opinion, 4/27/15, at 8-11.

On February 17, 2015, Appellant filed a timely *pro se* notice of appeal.[3] On appeal, Appellant raises the following issues for our review.[4]

1. Did the [PCRA c]ourt err, and commit reversible error when it omitted facts of record upon which Appellant's claims are predicated and completely fail [sic] to address claims of Appellant that are properly preserved and presented to the [PCRA c]ourt for review?

2. Did [t]rial [c]ounsel constructively deny Appellant's constitutional right to free choice self-representation?

_____

[3] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[4] In his Rule 1925(b) concise statement of errors, Appellant listed 13 issues. Appellant only includes two of these in his "questions presented" and "argument" sections of his *pro se* appellate brief (Appellant's first listed question is a general one, encompassing his three subsequent specific allegations of error). Accordingly, those issues not briefed are deemed waived. **See** Appellant's Concise Statement of Errors Complained of on Appeal, 3/16/15, 1-2; Appellant's Brief at 7; **see also Commonwealth v. LaCava**, 666 A.2d 221, 228 n.9. (Pa. 1995) (noting issues raised in a 1925(b) statement but not included in an appellate brief are waived).

- 5 -

      3.    Did [t]rial/[d]irect [a]ppeal [c]ounsel render ineffective assistance of counsel when counsel failed to raise the meritorious claim of prosecutorial misconduct, during pre-trial, trial and/or direct appeal?

          (a).   Did the Commonwealth's suppression and affirmative misrepresentation of material evidence regarding the actual benefits it's sole-witness (M.C.D.A.) was expecting and received in exchange for testimony violate due process?

Appellant's Brief at 7.

We first acknowledge the following tenets guiding our review.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

***Commonwealth v. Feliciano***, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013)

(citation omitted).

> [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Medina***, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014)

(*en banc*) (internal quotation marks and citations omitted), *appeal granted*,

105 A.3d 658 (Pa. 2014). Additionally, in order to be eligible for PCRA relief,

a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). "[A]ll constitutionally-cognizable claims of ineffectiveness are reviewable under the PCRA." *Commonwealth v. Cappello*, 823 A.2d 936, 941 (Pa. Super. 2003); *See* 42 Pa.C.S.A.(a)(2)(ii). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

When reviewing a claim of ineffective assistance of counsel, we apply the following test, first articulated by our Supreme Court in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

> When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of

the test will defeat an ineffectiveness claim." **Commonwealth v. Birdsong**, 24 A.3d 319, 330 (Pa. 2011).

Appellant first argues that trial counsel was ineffective for coercing him or improperly inducing him to waive his right to self-representation. By way of background, Appellant recounts that he had petitioned to proceed *pro se* in his trial. Appellant's Brief at 13-14. Following a **Grazier**[5] hearing, the trial court granted Appellant's petition on November 6, 2009, and appointed stand-by counsel. **Id.** at 14, *citing* N.T. 11/4/09, at 1-12. Appellant asserts that upon consultation with stand-by counsel he agreed to waive his right to self-representation with the understanding that counsel would "adopt Appellant's guilt phase defense strategy," and that allowing stand-by counsel to represent him was necessary to secure a continuance desired by Appellant and previously denied by the trial court. **Id.** at 14. Purportedly in reliance on those representations, Appellant reversed his decision to proceed *pro se* on January 8, 2010. **Id.** Appellant further avers that the subsequent appointment of additional counsel for the guilt phase of trial resulted in co-counsel focusing on the anticipated penalty phase of Appellant's case at the expense of his guilt phase strategy. **Id.** at 15-16. Accordingly, Appellant avers his waiver of self-representation was "the result of coercion and deception and therefore invalid." **Id.**, *citing* **Commonwealth v. Bryant**,

---

[5] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

855 A.2d 726 (Pa. 2004) (noting waiver of constitutional rights, including the right to self-representation, must be knowing, intelligent and voluntary).

Concerning the prejudice prong of the *Pierce* test, Appellant argues as follows.

> [W]hen a defendant seeks to collaterally attack his waiver on the grounds that it was caused by the ineffective assistance of his trial counsel, to prove prejudice, he must demonstrate a reasonable probability that but for counsel's constitutionally deficient service, the outcome of the waiver proceeding would have been different, *i.e.*, that he would not have waived his right.

*Id.* at 17.

Appellant conflates his decision to waive his right to self-representation, which the record clearly establishes was voluntary, intelligent and knowing, with his dissatisfaction with counsel's overall performance. As noted by the PCRA court, Appellant fully understood the ramifications of self-representation and had been permitted to proceed *pro se.* Trial Court Opinion, 4/27/15, at 18-19. Accordingly, "[s]uch a right was not denied Appellant in his own case. In fact, it was Appellant himself who requested that Mr. Goodwin serve as counsel at trial, rather than functioning only as stand-by counsel." *Id.* at 18. As further recognized by the PCRA court, "Appellant offered no evidence which would support an inference that trial counsel's strategy prejudiced him in any way." *Id.* Appellant includes no explanation of what his guilt phase strategy was or how it differed from counsels', much less, how that difference prejudiced him. During trial,

Appellant did not seek to reassert his right to self-representation or express dissatisfaction with the conduct of counsel at trial. Appellant's attempt to recast his disappointment with the outcome of the trial into one concerning the voluntariness of his decision to accept counsel is unavailing.

> "It is well established that a defendant can waive the right of self-representation after asserting it." **Buhl v. Cooksey**, 233 F.3d 783, 800 (3d Cir. 2000) (citing cases); **see also Wilson v. Walker**, 204 F.3d 33, 38 (2d Cir. 2000) (petitioner abandoned initial request where he subsequently had two different lawyers appointed and did not assert right again after question of self-representation had been left open for further discussion)

**Bryant**, **supra** at 737. For these reasons Appellant's first issue fails.

In his second and third issues, Appellant challenges the PCRA court's determination that he failed to establish ineffective assistance of counsel relative to counsel's failure to raise an issue of prosecutorial misconduct during trial and on direct appeal, and dismissing his related **Brady**[6] claim. Appellant's Brief at 20, 22. Appellant essentially avers the Commonwealth withheld M.C.D.A.'s immigration status as requested by the defense prior to trial. **Id.** at 22. Appellant asserts the Commonwealth failed to turn over M.C.D.A.'s U-Visa application, which Appellant claims evidenced a benefit to her in exchange for her testimony, the absence of which foreclosed adequate exploration of her bias. **Id.**

---

[6] **Brady v. Maryland**, 373 U.S. 83 (1963).

> ***Brady*** does not require the disclosure of information "that is not exculpatory but might merely form the groundwork for possible arguments or defenses," …. The duty to disclose is limited to information in the possession of the government bringing the prosecution, and the duty does extend to exculpatory evidence in the files of police agencies of the government bringing the prosecution. ***Brady*** is not violated when the appellant knew or, with reasonable diligence, could have uncovered the evidence in question, or when the evidence was available to the defense from other sources.

***Commonwealth v. Roney***, 79 A.3d 595, 608, (Pa. 2013) (citations omitted), *cert. denied*, ***Roney v. Pennsylvania***, 135 S. Ct. 56 (2014)

The record discloses that Detective Nieves signed M.C.D.A.'s U-Visa application and sent it to the immigration attorney, however a copy of the visa was not retained by the police or the Commonwealth. ***See*** PCRA Court Opinion, 4/27/15, at 21. Because the form was not in the Commonwealth's possession, it was not obligated to provide it to Appellant. ***See Roney***, ***supra***. Furthermore, the fact that M.C.D.A. received a U-visa was known to Appellant and was addressed at trial to question her motive in testifying. As a result, Appellant has failed to show his claim has any arguable merit. In addition, the PCRA court provided the following explanation in the alternative as to why Appellant did not suffer any prejudice.

> Moreover, even if the Commonwealth did possess the U-Visa application, the failure to disclose the actual form used by MCDA was not prejudicial to Appellant because he was aware of the substance of the executed form. MCDA's U-Visa status was exhaustively covered at trial. Through extensive testimony of both MCDA and Detective Nieves at

- 11 -

> trial, the jury was made aware that MCDA was not a citizen of the United States and that Detective Nieves had filled out a U-Visa application to allow MCDA to avoid deportation since she was the victim of a crime. The fact that Appellant was not in physical possession of a form establishing MCDA's citizenship status had no prejudicial impact at trial because Appellant was aware, and therefore able to cross-examine MCDA, regarding her citizenship and any benefits she had received in exchange for her testimony. For these reasons, it is our belief that Appellant cannot establish that he was prejudiced in not receiving a copy of said application, and as such, his ***Brady*** claim fails.

PCRA Court Opinion, 4/27/15, at 21 (footnote omitted). Accordingly, we agree with the PCRA court that Appellant failed to establish any prejudice.

In light of the foregoing, we discern no abuse of discretion or error of law by the PCRA court in dismissing Appellant's PCRA petition as amended. Accordingly, we affirm the February 5, 2015 order.

Order Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2015

- 12 -